### ARCHIBALD McNEIL & SONS CO. et al. v. BAY STATE ST. RY. CO.

(District Court, D. Massachusetts. June 6, 1922.)

No. 834.

**Taxation ☞394—Liability of company for excise tax not affected by receivership.**

Under the Massachusetts statute (Gen. Laws, c. 63, § 61) imposing an excise tax on street railroad companies based on gross earnings and distributed between the municipalities served in proportion to trackage, computed from returns required to be made on September 30th each year, but which contains no provision for prorating the tax where there has been a change of ownership during the tax year and no requirement for a return except by the company operating on September 30th, where the receiver for an insolvent company operated its lines during the first part of a tax year, when they were sold and thereafter operated by the purchaser, the court will not undertake to apportion the tax and require its receiver to pay a part of it.

In Equity. Suit by the Archibald McNeil & Sons Company and others against the Bay State Street Railway Company. On claim of City of Malden for tax. Disallowed.

Robert P. Clapp, of Boston, Mass., for plaintiffs.

Samuel H. Pillsbury, of Boston, Mass., for defendant.

MORTON, District Judge. This is a claim by the city of Malden for an excise tax assessed by said city on the Bay State Street Railway Company for the tax year ending September 30, 1919. The case is submitted on an agreed statement of facts.

The Bay State Company did not operate during any part of the year in question. Its property was then in the hands of a receiver appointed by and under the direction of this court. He operated the Bay State Street Railway in Malden from September 30, 1918, until June 1, 1919, on which date he turned the property over to the Eastern Massachusetts Street Railway Company, which had bought it at foreclosure sale. Thereafter neither he nor the Bay State Street Railway Company had anything to do with the operation of the street railway in Malden.

The statute in question (Gen. Laws Mass. c. 63, § 61) requires an elaborate return to be made by operating street railway companies as of September 30th in each year. No such return was filed by the receiver or by the Bay State Street Railway Company. The assessors, however, went ahead and estimated the tax on such information as they had, prorating it according to the proportion of the year ending September 30th during which the receiver had operated the street railway.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

company, without regarding the trackage on May 31st, and duly demanded payment of the tax so computed and assessed. The receiver refused to pay it.

By the statute the computation of the tax is based on the return of the street railway company. In certain details, which might change from month to month, it has been definitely held by the Supreme Judicial Court that there could be no prorating or adjusting; that the intent of the statute was that the assessment should be based on the facts as they exist on September 30th. See N. & C. St. Ry. v. Wellesley, 207 Mass. 514, 93 N. E. 834. There is no provision in the statute for prorating the tax between different operating companies when there has been a change of ownership during the tax year; nor is there any requirement that a company not operating on September 30th shall file a return. The tax is based on gross earnings for a complete year. It disregards operating expense. During the winter months operating expenses are apt to be much heavier than during the summer. Taxing the gross receipts of the company (or person) which operated during the winter the same as the one operating only during the summer, might be unjust to the former.

That the statute, taken in connection with preceding statutes dealing with the same subject-matter, indicates a legislative intent to impose upon street railways an annual excise tax based on gross receipts and distributed among the municipalities served in proportion to the trackage in each is clear. But in view of the firmly established principle of law in Massachusetts, that tax statutes are not to be extended by construction beyond their plain terms, it would seem that apportionment of a tax ought not to be created by judicial construction, unless it is manifest that the apportionment can be made in precise accordance with the plan contemplated by the statute and with fairness all round. As apportionment of this tax cannot be made without essentially altering the prescribed method of assessment—the result being that the apportioned tax might differ, both in the burden imposed on the taxpayers and in the division of it between the municipalities interested, from the tax specified in the statute—it seems to me that the tax is not apportionable, and that the claim must accordingly be disallowed.

So ordered.